[No. 15206.   Department One.— May 26, 1894.]

R. A. McLAUGHLIN, Appellant, v. WILLIAM PERKINS et al., Respondents.

Mechanic's Lien—Statutory Right—Time of Filing Claims of Subcontractors—Acceptance of Building—Certificate of Architect. The right to a mechanic's lien is purely statutory; and if claims of liens by subcontractors are not filed within thirty days after the occupation or use of the building by the owner or his representative, or the acceptance thereof by the owner or his agent, they are not filed in time, notwithstanding the original contract provides for certificates of the architect, stating that the installment is due or work completed, as the case may be, as a condition precedent to the contractor's right to demand payment, and notwithstanding claims of liens were filed within thirty days after the final certificate of the architect.

Appeal from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*Smith & O'Keeffe*, for Appellant.

As the certificate of the architect was made a condition precedent to the payment of any moneys to the contractor, and the plaintiff's lien was filed within thirty days from the date of the certificate, it was filed within the statutory time.  (See Phillips on Mechanics' Liens, secs. 136, 290; *Barton* v. *Hermann*, 11 Abb. Pr., N. S., 378; *Ewing* v. *Fiedler*, 30 Ill. App. 202; *Wolf* v. *Michaelis*, 27 Ill. App. 336; *Thomas* v. *Fleury*, 26 N. Y. 26; *Dingley* v. *Greene*, 54 Cal. 333; *Holmes* v. *Richet*, 56 Cal. 307; 38 Am. Rep. 54; *Walsh* v. *McMenomy*, 74 Cal. 356; *Doughty*

v. *Devlin,* 1 E. D. Smith, 625; *Cronk* v. *Whittaker,* 1
E. D. Smith, 647; *Dowdney* v. *McCullum,* 59 N. Y. 367;
*McAuley* v. *Carter,* 22 Ill. 53; *Kilbourne* v. *Jennings,* 38
Iowa, 533; *Bowen* v. *Aubrey,* 22 Cal. 566; *Dore* v. *Sellers,*
27 Cal. 588; *Shaver* v. *Murdock,* 36 Cal. 293–98; *Henley*
v. *Wadsworth,* 38 Cal. 356, 361.)

*Boyd, Fifield & Hoburg,* for Respondents.

Under the facts as found by the court the judgment
in favor of the defendants was proper, as the lien was
not filed within the statutory time.    (*Willamette etc. Co.*
v. *Kremer,* 94 Cal. 205; *Willamette etc. Co.* v. *Los Angeles
College Co.,* 94 Cal. 229, 237; *Giant Powder Co.* v. *San Diego
Flume Co.,* 88 Cal. 20; 78 Cal. 193; *Kerckhoff-Cuzner Mill
etc. Co.* v. *Olmstead,* 85 Cal. 80; *Harlan* v. *Stufflebeem,* 87
Cal. 508; *Reed* v. *Norton,* 90 Cal. 590, 600; *Cohn* v. *Wright,*
89 Cal. 86.)

Belcher, C.—This is an action to foreclose a lien for
materials used and work done by subcontractors in the
construction of a building for the defendant, Perkins.

The court below gave judgment for the defendants
upon the ground that the claim of lien was not filed in
time, and the plaintiff appeals from the judgment on
the judgment-roll.

The only question in the case is, was the claim of
lien filed within the time required by statute?

The court found the facts to be, in substance, as fol-
lows: On August 13, 1889, one E. W. Hyde entered into
a written contract with defendant Perkins, to erect for
him a certain building according to plans and speci-
fications prepared by R. H. White, architect, and to
finish the same within ninety days from said date, for
the sum of $4,900, payable in installments — the fifth
installment of $687.50 to be paid when the building
should be completed and accepted, and the sixth install-
ment of $1,250 to be paid thirty-five days after its com-
pletion.  This contract was duly recorded, and, under it,
Hyde proceeded to erect the building.  On September

16th he contracted with the assignors of the plaintiff to do the tinning and plumbing of the building, which they did, for the agreed price of $720, of which $475 was paid, leaving still due and owing therefor the sum of $245, for which, on March 1, 1890, they duly filed and caused to be recorded their claim of lien.

The building "was completed and finished, according to the plans and specifications, on the twenty-seventh day of January, 1890, but it was accepted by the defendant, William Perkins, on the eighteenth day of January, 1890, and was actually occupied and used by the tenants of defendant William Perkins on the twenty-fifth day of January, 1890, which tenants rented it on the twenty-first and twenty-second days of January, 1890. But plaintiff had no notice of the acceptance of said building by said defendant Perkins, or of its occupation by said defendant's tenants until the thirty-first day of January, 1890, on which day the architect, R. H. White, issued a certificate in the following words and figures, to wit:

"'San Francisco, January 31, 1890.
"'To William Perkins:.
"'This is to certify that the sum of six hundred and eighty-seven and 50–100 dollars, amount of fifth payment on building located, etc., is due and payable to E. W. Hyde.
"'[signed]   R. H. White, Architect.'"

The contract between Hyde and Perkins contained the following provisions:

"When each payment or installment shall become due, and at the final completion of the work certificates in writing shall be obtained from the said architect, stating that the payment or installment is due or work completed, as the case may be, and the amount then due; and the said architect shall at said times deliver said certificates under his hand to the contractor, or, in lieu of such certificates, shall deliver to the contractor, in writing, under his hand, a just and true reason for not issuing the certificates, including a statement of

the defects, if any, to be remedied, to entitle the contractor to the certificate or certificates. · And in the event of the failure of the architect to furnish and deliver said certificates, or any of them, or in lieu thereof the writing aforesaid, within three days after the times aforesaid and after demand therefor, made in writing by the contractor, the amount which may be claimed to be due by the contractor and stated in the said demand made by him for the certificate shall at the expiration of said three days become due and payable, and the owner shall be liable, and bound to pay the same on demand. In case the architect delivers the writing aforesaid, in lieu of the certificate, then a compliance by the contractor with the requirements of said writing shall entitle the contractor to the certificates."

Appellant contends that these provisions of the contract made the certificate of the architect a prerequisite to the payment of any money to the contractor, and that until such certificate was issued the building could not be considered completed nor accepted as completed, and hence, as the lien was filed within thirty days after the certificate above mentioned was issued, it must be held to have been filed in time.

The provisions of the contract were not, in our opinion, as far reaching as claimed, but were intended simply for the protection of the owner by making the approval of the architect a condition precedent to the contractor's right to demand payment of the money. This condition, however, the owner was at liberty to waive, if he choose to do so, and he might, without any certificate from the architect, have accepted the building, and paid for it as he had agreed to do.

The statute provides that every person, save the original contractor, who claims the benefit of the law in regard to liens, "must within thirty days after the completion of any building, improvement, or structure," file for record with the county recorder his claim of lien, and that "the occupation or use of the building,

improvement, or structure by the owner or his repre-
sentative, or the acceptance by said owner, or his agent,
of said building, improvement, or structure, shall be
deemed conclusive evidence of completion."

This language is clear and positive, and, as the right
to a lien is purely statutory, is decisive of appellant's
rights here.

It follows that the judgment should be affirmed.

VANCLIEF, C., AND TEMPLE, C., concurred.

For the reasons given in the foregoing opinion the
judgment appealed from is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.