CHARLES LUCAS, JOHN LUCAS AND MARY N. LUCAS, COPARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF LUCAS BROTHERS, *v.* MELLIE E. HUSTACE AND J. R. DAVIS.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED APRIL 29, 1912.                    DECIDED MAY 7, 1912.

ROBERTSON, C. J., PERRY AND DE BOLT, JJ.

MECHANICS' LIENS—*completion of building.*

The statutory period for the filing of liens of mechanics and materialmen commences to run only from the final completion of the structure. When labor and material required by the terms of a contract for the erection of a building are not furnished in the first instance and are subsequently supplied by the contractor at the request of the owner, the latter refusing to accept the building as at first tendered, the final completion of the structure, within the meaning of section 2174, R. L., as amended by Act 97 of the Laws of 1909, dates from the time the omissions are so supplied, even though in the meantime the owner takes possession of the property.

OPINION OF THE COURT BY PERRY, J.

This is an action of assumpsit and for enforcement of a lien in favor of the plaintiffs as mechanics and materialmen, the

defendant Mellie E. Hustace being the owner of the building
and the defendant Davis being the contractor who erected it.
The circuit court without a jury rendered judgment for the
plaintiffs for the full amount claimed and for foreclosure of
the lien.   The only question presented under the bill of ex-
ceptions is whether the notice of lien was filed within the time
allowed by law, the provision of the statute being in this re-
spect that "the lien shall continue for forty-five days, and no
longer, after the completion of the construction   *   *   *   of
the building   *   *   *   against which it shall have been filed,
unless the same shall have been satisfied, or proceedings com-
menced to collect the amount due thereon by enforcing the
same."   R. L., Sec. 2174, as amended by Act 97 of the Laws
of 1909.   The lien was filed and served on June 2, 1911.   Con-
cerning the date of the completion of the building the trial
court made the following finding of facts:   "The house was
substantially completed   some time between March   15 and
March 20, 1911, at which time the contractor removed his men,
tools and equipment from the building and offered to hand the
same over to the owner.   In certain minor details, however,
the owner considered that the contract had not been completed
and refused to accept the building until such minor matters
were completed according to her understanding of the contract.
After a considerable wordy dispute between the contractor and
the owner the former agreed to make certain of the necessary
alterations and for such purpose employed the plaintiffs herein
to perform certain labor.   This labor was performed during
the week ending April 19, 1911, and amounted to $31.20."
We understand this finding to be that the building was com-
pleted between March 15 and March 20 except in respect to
the "minor matters" referred to.   The evidence amply sup-
ports the finding.   The "minor matters", as shown by the un-
disputed evidence, included the easing of certain doors and
the furnishing and placing of certain shelving in the kitchen

and in the pantry. It further appeared from undisputed evidence that on or about March 20 the owner furnished and occupied the building and that on that date the contractor claimed that the contract had been fully performed by him and removed his men and implements from the premises. The lien claimed was for the sum of $412.76, including charges for labor and material furnished prior to March 20, 1911, as well as the $31.20 above mentioned.

The owner's contention is that the time for the filing of the lien commenced to run on March 20, the date of the "substantial completion" of the building. The rule invoked does not apply in the case at bar. In most if not all of the cases cited in support of the contention the facts and the statutory provisions differed from those in this case. In some there was a statutory provision that "occupation or use of the building * * * by the owner * * * shall be deemed conclusive evidence of completion." See, for example, *McLaughlin* v. *Perkins,* 102 Cal. 502. In others the provision was, "cessation from labor for thirty days upon any unfinished contract * * * shall be deemed to be equivalent to a completion thereof for all the purposes of this chapter." *Johnson* v. *La Grave,* 102 Cal. 324. In *Chicago Lumber Co.* v. *Merrimac River Savings Bank,* 52 Kan. 410, the statute declared that abandonment of the work should, for the purposes of protecting the rights of materialmen, be deemed to be the completion of the building. Under the statute in another case "any trivial imperfection in * * * the construction of any building" was not to be "deemed such a lack of completion as to prevent the filing of any lien." *Lumber Co.* v. *Williams,* 31 Pac. (Cal.) 1128. It is obvious that the reasoning in cases in any of these classes is inapplicable in the present case in the absence of similar statutory provisions.

When a building is completed within the meaning of the statute is a question to be determined in view of the circum-

stances of each case. Perhaps it is to be deemed complete upon its acceptance by the owner as complete even though not all of the specifications have been complied with or upon abandonment by the contractor when the building is substantially but not entirely completed and the owner takes no steps to complete it. However that may be, when, as in the case at bar, the statute simply declares that the lien shall continue for a stated time and no longer "after the completion of the construction of the building" and the owner refuses to accept the building as first tendered by the contractor on the ground that it has not been completed according to the specifications and thereafter, the owner still insisting that it is required by the specifications, the contractor performs the additional labor or furnishes the material for the purpose of complying with his duty under the specifications to complete the building as thereby agreed to be erected, all of the material and labor is furnished as part of one and the same continuing contract, the building is not completed until the final additions are made and the statutory period for the filing of liens does not commence to run until then even though the additions and alterations are of comparatively slight value. "When work demanded by the terms of the original contract has been omitted, the final completion of the structure dates from the time such omissions are supplied by the builder at the request of the owner, although in the meantime the latter may have taken possession of the property * * *; the rule seeming to be that while there is anything to do which it is the duty of the builder to perform, under the terms of the contract, the work upon which he is engaged is not completed until this obligation is accomplished. * * * When the work has been apparently completed, but not accepted, the restoration by the builder of a part to which objection has been made is considered as a substitution under the terms of the original agreement, and not a repair, and therefore the statute begins to run only from the final completion of the

imperfectly formed obligation." *Avery* v. *Butler*, 47. Pac. (Ore.) 706, 708. To the same effect are *Stidger* v. *McPhee*, 62 Pac. (Colo.) 332 and *National Stockyards* v. *O'Reilley*, 85 Ill, 546, 554. In the case at bar doors properly hung and fitted and the shelving in the pantry and the kitchen were essential parts of the building under the terms of the contract. It is clear from the undisputed evidence that at no time prior to April 19, the day upon which the alterations and additions were completed, was there an acceptance of the building by the owner even though the latter occupied the building in the latter part of March or early in April. The language of our statute is plain and unambiguous. The completion of the building marks the commencement of the period of limitations and in this case that event did not take place until April 19. The notice of lien was therefore filed within the prescribed period.

The exceptions are overruled.

*W. B. Lymer* (*Thompson, Wilder, Watson & Lymer* on the brief) for plaintiffs.

*J. A. Magoon* and *N. W. Aluli* for defendant Mellie E. Hustace.