[S. F. No. 1415.   Department Two.—May 26, 1899.]

G. C. SWEENEY et al., Respondents, v. JOHANNA K. MEYER et al., Appellants.

MECHANICS' LIENS—PREMATURE PAYMENTS UNDER CONTRACT—NOTICE.— Under section 1184 of the Code of Civil Procedure, payments made for the contractor before they are due are invalid for the purpose of diminishing, defeating, or discharging any lien in favor of mechanics and materialmen; and no notice is required to render the owner liable for liens to the extent of such premature payments.

ID.—CLAIM FOR EXTRA WORK—PLEADING—PROOF.—A claim for extra work cannot be enforced as a lien, unless there are special allegations in the complaint and corresponding proof as to what constitutes the extra work. A mere general averment and proof of the amount or value of extra work is insufficient.

ID.—ALLOWANCE OF ATTORNEY'S FEES—DISCRETION.—The discretion of
    the trial judge in fixing the amount of attorney's fees and
    apportioning the amount between the respective claimants of
    liens will not be disturbed upon appeal where there is no such
    abuse of discretion as to warrant interference therewith.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco and from an order denying a new
trial.  Ed. W. Belcher, Judge.

The facts are stated in the opinion of the court.

Frank M. Parcells, for Appellants.

Alexander G. Eells, H. K. Eells, J. N. Young, and H. W.
Hutton, for Respondents.

THE COURT.—This is a consolidated action for the fore-
closure of certain liens of mechanics and materialmen.

Judgment passed for the plaintiffs, and the owners, Johanna
and Antone Meyer, appeal from that judgment and from the or-
der denying a new trial.

1. The contract specified the times during the progress of the
work when the partial payments were to be made.  The court
found that the third and fourth of these payments were made
prematurely and in advance of the terms of the contract, and
prior to the time when due, and were, therefore, invalid as pay-
ments for the purpose of diminishing or discharging the liens
or any of the liens involved in the action.

By the mechanics' lien law "no payment made prior to the
time when the same is due, under the terms and conditions of
the contract, shall be valid for the purpose of defeating, dimin-
ishing or discharging any lien in favor of any person except the
contractor, but as to such liens such payment shall be deemed
as if not made, and shall be applicable to such liens."  (Code of
Civil Procedure, sec. 1184.)  By the same section it is also pro-
vided that a written notice may be served upon the owner by
one who has performed labor or furnished material, and that
upon service of such notice "it shall be the duty of the owner to
and he shall withhold from his contractor, or from any other
person acting under such owner . . . . all money due or that
may become due to such contractor . . . . or sufficient of such

money to answer such claim; . . . . and all money paid there-after by the owner to the contractor, while such notice is in force, shall, for the purposes of all liens of all persons except that of the contractor, be deemed a payment prior to the time the same was due within the meaning of and subject to the provisions of this section."

Under this law appellants contend that an owner becomes liable for payments prematurely made to his contractor only in the event that thereafter, and before the time when such payments are due, he is served with the requisite notice. To this it must be answered that, while such might well have been the law, the law is not so written. The provision as to notice is entirely separate and distinct from the provision invalidating payments prematurely made. The proceedings under the notice are in the nature of a garnishment, whereby there is impounded specific moneys due, or thereafter to become due, to the contractor. The provision of the law as to premature payments is not made dependent upon the giving or the failure to give notice. The provision is but a forthright declaration that, if a contractor shall make a payment prior to the time when it is due, that payment shall be deemed not to have been made, so far as affects all lien claimants other than the contractor himself. It is a provision like the provision requiring recordation. It is an arbitrary demand of the statute, for the failure to comply with which the owner must suffer. If it be said that it is a harsh requirement, this may be conceded, but at the same time it should be noticed that the owner need not suffer from it if he complies with the law.

2. It is claimed that the court erred in refusing to strike out all of plaintiffs' evidence relating to the extra work, the value of which the court found to be seven hundred dollars. It is also claimed that the evidence is insufficient to support the findings and judgment as to said extra work.

Four of the plaintiffs did extra work of the aggregate value of one hundred and ninety-four dollars and ninety-two cents, and the court finds upon sufficient evidence that this work was done at the instance of defendants; and that the several sums were justly due and were of the reasonable value charged therefor. The evidence relating to these matters we think was

clearly admissible. It is also found by the court that the plans
and specifications were materially departed from, "and a large
amount of extra work . . . . outside that mentioned in said
contract . . . . was done upon said structure at the order of
said owner of said property, the amount and value of which de-
partures, extra and different work was and is the sum of seven
hundred dollars, no part of which has ever been paid, and all of
which, together with the sum of six hundred and seventy-five
dollars, the last and final payment due under said contract, is
applicable to the payment of the liens of the several plaintiffs."
This sum of seven hundred dollars is added to the third and
fourth payments, making applicable to the lien two thousand
three hundred and seventy-five dollars. In another finding it
appears that this extra work was done by Alsup, and there is
evidence tending to support the finding. The evidence and the
findings show that certain four of the plaintiffs did extra work
of the value of one hundred and ninety-four dollars and ninety-
two cents, and defendants concede that they are entitled to liens
therefor, but it is claimed that there is no evidence and no find-
ing and no sufficient pleadings to justify the decision of the
court that the owners are chargeable with seven hundred dol-
lars due Alsup for extra work. None of the complaints charge
that Alsup did any extra work, and no extra work is mentioned
in the pleadings except that above stated amounting to one hun-
dred and ninety-four dollars and ninety-two cents. In the
course of the trial, however, there was no evidence tending to
show that Alsup performed extra labor and furnished extra sup-
plies worth seven hundred or eight hundred dollars. By leave
of court plaintiffs amended two of the complaints so as to show
the whole amount due from defendants on account of said con-
tract to be the sum of two thousand three hundred and seventy-
five dollars. This amendment, we suppose, was made to let in
the seven hundred dollars extra work done by Alsup, but the
complaints were not amended so as to allege that he did any
extra work.

After the court had stricken out all of defendants' evidence
as to payments made by them to sundry persons for material,
counsel for defendants said: "The plaintiffs, aside from the ex-
tras which they have separately specified and declared upon,

have not set forth any itemized statement or bill of those extras, which they claim are of the value of seven hundred dollars. . . . . If the plaintiffs will submit an itemized statement of the extras, we may be able to show that they have been paid.   Until this statement is forthcoming, I move that all the evidence introduced thus far touching the extra and additional work not specifically declared upon be stricken out."   The court denied the motion, to which ruling defendants excepted.   We think defendants were entitled to know—first by appropriate and sufficient allegations of the complaint, and second by evidence in support thereof—what constituted this extra work.   These facts do not appear either in the pleadings or by sufficient evidence. Without a showing of some kind by which specifications of this extra work could be brought to defendants' knowledge it was not possible for them to intelligently meet the claim.   As the matter stands the court increased the fund subjected to the liens by seven hundred dollars for extra work without any allegations in the complaints in any way referring to this extra work, and without evidence in detail as to what it was and the value thereof, except that witnesses stated generally that the extra work done by Alsup was of the value of seven hundred dollars.   The state of the pleadings and evidence considered, we think it was error to make this sum applicable to the liens as was done by the decree.

3.  We are asked to modify the allowance made for attorneys' fees as excessive.

Heath filed a separate complaint; the court gave him judgment for two hundred and ninety-three dollars and twenty-three cents and one hundred dollars attorneys' fees.   De Lair also filed a separate complaint, and was given judgment for one hundred and seven dollars and sixty-four cents and one hundred dollars attorney's fees.   The other eight plaintiffs filed a consolidated or joint complaint, the claims aggregating six hundred and sixty-three dollars and two cents.   The court allowed one hundred dollars attorneys' fees in these eight claims to be apportioned among the eight claimants ratably according to their several judgments.   Heath and De Lair each had separate attorneys and the eight others had still other attorneys.

Section 1195 of the Code of Civil Procedure provides that the

trial court "must allow, as a part of the costs, . . . . reasonable attorneys' fees in the superior and supreme courts, such costs and attorneys' fees to be allowed to each lien claimant whose lien is established, whether he be plaintiff or defendant, or whether they all join in one action, or separate actions are consolidated." The fixing of attorneys' fees is a duty devolved upon the trial court by the statute; *San Joaquin Lumber Co. v. Welton,* 115 Cal. 1; and conceding, but not deciding, that this court may from what appears in the record modify the judgment of the trial court in such matter, we do not think there is ground for doing so in this case. The transcript discloses a trial of considerable length and some complexity; the pleadings are necessarily somewhat extended in this class of cases. The trial judge was in better position than we are to determine a just apportionment of the attorneys' fees, and, while it may appear that De Lair received a greater proportionate allowance than did the eight who consolidated their claims, we cannot say that there was such abuse of discretion as to warrant interference here. Under all the circumstances of the trial the total of attorneys' fees allowed seems not to be excessive.

The judgment should be modified so as to show that the liability of defendants applicable to plaintiffs' liens is limited to the sum of sixteen hundred and seventy-five dollars.

The judgment is ordered thus modified, and the order appealed from is affirmed.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.