[S. F. No. 3411. In Bank.—February 11, 1905.]

VALLEY LUMBER COMPANY, Respondent, v. P. E. STRUCK et al., Appellants.

MECHANICS' LIENS—FORECLOSURE—CONSOLIDATED ACTIONS — APPEAL — SERVICE OF NOTICE—STIPULATION—APPEARANCE—MOTION TO DISMISS.—Where two actions to foreclose mechanics' liens were consolidated, and judgment was rendered in favor of each plaintiff, a stipulation appearing in the transcript on appeal in the present case between the plaintiff and defendants in the other case, that the pleadings are the same and may be omitted from the transcript, and that the final judgment therein shall depend upon and be determined by the judgment in the present case, and that if the judgment in favor of the respondent in this case shall be reversed or affirmed such reversal or affirmance shall apply to and fully cover the other case, etc., is an appearance by the plaintiff in the other case to the appeal, and the respondent herein is not entitled to move to dismiss the appeal because the notice of appeal was not served upon the other plaintiff.

ID.—APPEAL FROM ORDER DENYING MOTION TO SET ASIDE JUDGMENT—INSUFFICIENT TRANSCRIPT—DISMISSAL.—An appeal from an order denying the motion of appellants to set aside the judgment and render another judgment will be dismissed where the transcript does not show any such motion or order.

ID.—TIME OF PAYMENT TO CONTRACTOR—COMPLETION AND ACCEPTANCE BY ARCHITECT—PAYMENT BEFORE ACCEPTANCE—VALIDITY.—Where the time of the third payment to the contractor stipulated in the

building contract was, when the building and improvements shall be "completed and accepted by the architect," the fact that the owner made such payment after the completion of the building and before the acceptance by the architect does not render the payment invalid as to lienholders under section 1184 of the Code of Civil Procedure who had not given previous notice of their claims as provided in that section.

ID.—PROVISION FOR BENEFIT OF OWNER—EVIDENCE OF COMPLETION—WAIVER OF ACCEPTANCE BY ARCHITECT.—The provision in the contract for acceptance by the architect was solely for the benefit of the owner of the building. The payment was due at the completion of the building, and the certificate of the architect was mere evidence of completion, which the owner might either require or waive, and if satisfied otherwise of the completion he could safely make payment, at least as against third parties who had given no notice under section 1184 of the Code of Civil Procedure.

ID.—POWER OF OWNER TO WAIVE CERTIFICATE—CONSTRUCTION OF CODE—PAYMENT NOT AFFECTING LIENS.—Section 1201 of the Code of Civil Procedure, which provides that "It shall not be competent for the owner or contractor, or either of them, by any terms of their contract, or otherwise, to waive, affect, or impair the claims or liens of other persons," does not apply to an installment payable at the completion of the building, or to the waiver of the certificate as evidence of such completion. The payment of such installment did not affect or impair any claim or lien of the plaintiff, whose right would not be different if the payment had not been made until two days later, when the certificate was given.

ID.—POWER OF WAIVER LIMITED—PREMATURE PAYMENT INVALID UNDER NOTICE—CASE QUESTIONED.—The owner had no power to waive the certificate, which was one of the conditions of maturity of the payment, as against claimants of liens who had garnished the payment by notice as required in section 1184 of the Code of Civil Procedure; but the premature payment was not invalid as against lienholders who had given no such notice. *Sweeney* v. *Meyer,* 124 Cal. 512, to the contrary, should be overruled. [Per Shaw, J., Beatty, C. J., and Angellotti, J., specially concurring.]

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a motion to set aside the judgment and render another judgment.  H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

A. M. Drew, and F. H. Short, for Appellants.

L. L. Cory, for Respondent.

McFARLAND, J.—This is an action to foreclose certain liens of plaintiff and his assignors under the Mechanics' Lien Law. Judgment was for plaintiff; and defendants appeal from the judgment, and also from an order denying their motion to set aside the judgment and render another judgment, etc.

Respondent contends that the appeal should be dismissed because the notice of appeal was not served upon one F. A. Duncan. It appears that said Duncan had also instituted an action to foreclose a mechanic's lien against the same property involved in the action of the plaintiff herein; and that the two actions had been consolidated and a judgment rendered giving to plaintiff herein the amount found due it, and to Duncan the amount found due him, and enforcing a lien as to each. This appeal is taken upon the judgment-roll, and the transcript does not contain the pleadings in the Duncan case. The consolidation of the two actions is shown by the findings and the judgment; but the transcript does not show any service of the notice of appeal on Duncan, and for this reason respondent contends that the appeal should be dismissed. But this point is not tenable. There is in the transcript a stipulation between the attorneys for Duncan and the attorneys for appellants which is as follows:—

"F. A. Duncan, plaintiff, *versus* P. E. Struck, et al., defendant. It is hereby stipulated that the pleadings in the case of F. A. Duncan v. P. E. Struck, et al., may be omitted from the transcript on appeal in the case of the Valley Lumber Company v. Struck et al., and that the final judgment in said Duncan v. Struck, et al., shall depend upon and be determined by the judgment in the case of the Valley Lumber Company v. P. E. Struck, et al., now on appeal to the supreme court of the state of California, and that the omission of the pleadings in said action shall in no way affect the rights of the plaintiff or any party to said action in the said case of Duncan v. Struck, et al.

"It is stipulated and agreed that the pleadings in said action of Duncan v. Struck, et al., are the same as those in the case of Valley Lumber Company v. Struck, et al., printed in said transcript on appeal, and if the judgment in favor of said Valley Lumber Company shall be reversed or affirmed such reversal or affirmance shall apply to and fully cover

the said case of Duncan *v.* Struck and upon the return of the *remittitur* on appeal to the trial court, said trial court shall make all such orders as may be necessary to place said two consolidated actions in the same position so that in all respects the same orders and proceedings shall be had and taken in each of said consolidated actions. Except that the rights of the said plaintiff shall be unaffected by any reversal of said judgment if the same be reversed in connection with the order referred to in said notice of appeal.

"Dated this 12th day of November, 1902.

"A. M. DREW and FRANK H. SHORT,      A. C. WILLIAMS,

"Attorneys for Defendants.      Attorney for Plaintiff."

This stipulation is clearly an appearance by Duncan to the appeal, and takes away from the respondent herein the right to make the somewhat technical point that its judgment cannot be reviewed because Duncan's judgment might be affected without his having had his day in court. The motion to dismiss the appeal is denied.

The facts out of which the only point involved in the appeal arises are these: On April 30, 1901, the defendant Hines entered into a written contract with the defendant Struck for the altering and improvement by the latter of a certain building. The contract price was $2,180, to be paid in four installments, as follows: $400 when certain named work should be done; $500 when certain other work should be done; $735 when the building and improvements shall be "completed and accepted by the architect"; and the last payment, of $545, thirty-five days thereafter. The question on the appeal relates to the said third payment of $735. The building was completed on August 17, 1901, and the said third payment was made on that day; but there was no certificate of the architect until two days thereafter,—to wit, on August 19, 1901,—on which last-named day the architect gave a certificate of acceptance, which he dated August 17th. The contention of respondent and the decision of the court are, that because this third payment was made before the execution of the architect's certificate it was made prematurely, and therefore the owners of the building must pay the said amount over again to the lienholders, under section 1184 of the Code of Civil Procedure, which provides that "No payment made prior to the time when the same is due, under the terms and

conditions of the contract, shall be valid for the purpose of defeating, diminishing, or discharging any lien in favor of any person, except the contractors, but as to such liens such payment shall be deemed as if not made, and shall be applicable to such liens." And by the judgment in the case the said sum of $735 is decreed to be subject to plaintiff's lien. We do not think that this position is tenable. The code itself does not require any acceptance by an architect or a certificate of such acceptance, and has no reference to that subject. The provision in the contract as to acceptance by the architect is solely for the benefit of the owner of the building —merely a means of satisfying the owner of the fact of completion, and not for the benefit of the lienholder. The time when the payment was due was the completion of the building; the acceptance by the architect was merely evidence of such completion which the owner has a right to require as against the contractor; but when the completion had taken place and the owner was satisfied of that fact, he could safely make the payment as against any third party—at least, as against any party who had not previously given the notice of having performed labor or furnished materials which is provided for in the latter part of said section 1184; and no such notice had been given in the case at bar. This view of the statute has heretofore been expressed by this court. It was declared in *Blethen* v. *Blake*, 44 Cal. 117, where the court held (we quote from the *syllabus*): "In a contract for the erection of a building where there was a clause providing that the payment should be made in installments upon the certificate of the architect that the materials and labor had been furnished in accordance with the plans and specifications: *Held*, that the clause as to the production of the certificate was for the benefit of the owners of the building, and that they might waive it at their option and accept other proofs of the required fact." It was also so held in *McLaughlin* v. *Perkins*, 102 Cal. 502, where the court says that similar provisions in the contract there under review "were intended simply for the protection of the owner by making the approval of the architect a condition precedent to the contractor's right to demand payment of the money. This condition, however, the owner was at liberty to waive, if he chose to do so, and he might, without any certificate

from the architect, have accepted the building and paid for it as he had agreed to do." And the result of the general authorities on the subject is correctly stated in 24 Am. & Eng. Ency. of Law, 1st ed., p. 933, as follows: "The provision requiring certificates of approval is placed in the contract for the benefit of the owner, merely to provide a method by which he can satisfy himself that the contract has been performed. He may waive it at his option, and receive other proof of the required fact, or pay without proof." In *Loup* v. *California S. R. R. Co.*, 63 Cal. 97, cited by respondent (which was not a mechanic's lien case), the question was merely whether a plaintiff who had done work under a certain contract could maintain an action against the party for whom the work was done before certain estimates had been made by an engineer as provided in the contract. And the case of *Newport etc. Co.* v. *Drew*, 125 Cal. 585, also cited, deals entirely with the rights of materialmen who had given the notice provided for in the latter part of said section 1184 to have a lien on unpaid installments, whether matured or not; and the amounts of the various installments, except the last one, were not specified in the contract, but were to be fixed from time to time by "estimates" of the superintendent of construction, to be evidenced by his certificates. The case, therefore, has no applicability to the one at bar. Respondent relies on section 1201 of the Code of Civil Procedure, which provides that "It shall not be competent for the owner or contractor, or either of them, by any term of their contract, or otherwise, to waive, affect, or impair the claims and liens of other persons"; but the payment of the third installment, when the building was completed, did not affect or impair any claim or lien of plaintiff; its right would have been no different if the payment had not been made until two days later, when the certificate was given.

Under the foregoing views the court below erred in finding and decreeing that the amount of said third installment, $735, is in the hands of the appellant I. B. Hines to be applied to respondent's lien; the only amount so in his hands to be so applied is the last payment, of $545; and for this reason the judgment must be reversed. There is also an appeal from "an order denying said defendants' motion to vacate the judgment and to enter another and different judgment," etc.;

but as the transcript does not show any such motion or order said appeal cannot be considered, and is dismissed.

The judgment is reversed and the cause remanded, with directions to the court below to enter jugment in accordance with this opinion.

Angellotti, J., Van Dyke, J., Lorigan, J., and Henshaw, J., concurred.

SHAW, J., concurring.—I concur in the judgment of reversal, but I cannot agree to the grounds upon which it is based in the majority opinion.

It has not been and will not be contended by any one that, as between the owner and the contractor, the provision in the contract with respect to acceptance by the architect could not be waived, nor that the owner could not, if he chose, make the payment when the building was completed, or at any time previous thereto, so far as he himself was concerned. In a building contract, as in any other contract, the owner may, so far as his rights are concerned, waive any condition therein regardless of whether it is for his benefit or not. The point that the condition is for his benefit is entirely immaterial. In the case at bar $545 of the contract price was made payable thirty-five days after completion. This delay was no doubt in part intended to be and was for the benefit of the owner. Yet it will not be claimed that the owner could waive this condition giving him further time, and, by paying this installment on completion, cut off the right of the lien claimants to compel him to pay it again. Nor does the statute declare, as the main opinion seems to tacitly assume, that it is only payments made prior to the times mentioned in the statute itself which cannot be prematurely made without subjecting the owner to liability to pay it again. The statute does not fix the time of any payment except the final installment, and it does not make the time there fixed the test of liability. The contract must furnish the test. The provision is, that no lien shall be defeated or diminished by a payment made before it becomes due "under the terms and conditions of the *contract.*" And it applies as forcibly to any intermediate payment provided in the contract as to the final payment fixed by the statute. Here the contract does not make the payment due on completion. A subsequent event

must occur before it matures; the architect must accept it as complete. Under the majority opinion the owner is given power to deviate from the recorded contract—a power of which he is expressly deprived by the statute itself. The statute declares that any payment "made prior to the time when the same is due under the *terms and conditions of the contract*" shall as to such liens "be deemed as if not made, and shall be applicable to such liens,"—that is, to all liens except that of the contractor. (Code Civ. Proc., sec. 1184.) There is no exception in favor of conditions beneficial to the owner, nor any permission to him to waive conditions fixing the time of payment, and thereby evade the penalty. He is rigidly held to the exact conditions stated in the contract, and he can no more declare a payment due in advance of its maturity without the consent and to the injury of persons entitled to liens than could the contractor without his consent. The effect of the statute, so far as it applies in favor of the holder of a lien, is, that he is substituted to the rights of the owner so far as the terms of the contract are concerned, and that it is the lienholder and not the owner who has the power to waive an express condition of the contract, and thereby defeat, diminish, or impair his lien. The payment made two days before the architect accepted the building cannot be justified on the theory that the owner had the right to waive the condition. It can be justified, if at all, only upon the theory that the architect's certificate was a trivial matter, and that the actual completion of the building was a substantial performance by the contractor and would entitle him to recover without the acceptance by the architect. Generally the law is satisfied with a substantial performance. (7 Am. & Eng. Ency. of Law, 2d ed., p. 145; *Harlan* v. *Stufflebeem,* 87 Cal. 511.) But the majority opinion is not founded on this principle, and I express no opinion on the question whether, in view of the strong language of the statute, the rule applies to contracts of this character where the rights of third persons are affected.

In the former consideration of this case by the court in Bank the judgment was affirmed on the authority of *Sweeney* v. *Meyer*. 124 Cal. 512. In that case it was held that where a premature payment was made the owner was liable to be again called upon to pay it to the lienholders, although their

liens were filed after the payments were made and they had not given any notice under the subsequent clauses of section 1184, requiring the owner to withhold a sufficient amount of the contract price to pay their claims. So long as this decision is not overruled by this court I cannot perceive any theory upon which a judgment of affirmance can stand. In my opinion, however, the following portion of the dissenting opinion of the chief justice, filed upon the former hearing in Bank in this case, states the correct construction of the statute upon this subject:—

"By the Mechanics' Lien Law the owner and contractor are authorized to stipulate for the payment of three fourths of the contract price of a building by installments to become due, at their option, at or before its completion, but no notice of lien can be recorded until after completion, and consequently no lien can be acquired upon the building by merely recording notice for any greater portion of the contract price than the twenty-five per cent, which must be made payable not less than thirty-five days after completion, unless the owner and contractor voluntarily agree that a larger proportion may be retained until after the time when the lien notices may be recorded. But the law also provides for personal and actual notice to the owner by a laborer or materialman of his claim at or at any time after the time it accrues, irrespective of the completion of the building, and this notice operates as a garnishment to intercept the payment of any installment of the contract price not then due by the terms of the contract, compelling the owner to withhold a sufficient sum to answer such claim and costs. Upon due service of such notice, the owner becomes liable to the extent of all money to become due upon the contract, and in the event that a notice of lien is afterwards duly recorded by the claimant, his building is subjected to a lien as security for the just amount of the claim, and that notwithstanding he may have made a premature payment upon the contract price before the receipt of notice. But this is as far as the statute goes. It does not make the premature payment of an intermediate installment of the contract price invalid as to all materialmen, laborers, etc., but only when the effect of allowing its validity would be to *defeat, diminish, or discharge a lien*, in favor of persons other than the contractor. So that,

if it is an essential condition prerequisite to the creation of a lien upon the building for any portion of a particular installment of the contract price, written notice of the claim should be served upon the owner before payment is due, and if no such notice is served, a premature payment of such installment does not defeat, diminish, or discharge the lien—there is no lien to defeat or impair—and the failure of the security is due, not to the fault of the owner, but to the default of the claimant who has omitted to take the step made essential by the statute for the acquisition of a lien. His lien has not been discharged or defeated or diminished by the premature payment, because it has never come into existence. If a payment is due on the 19th, and a materialman desires, for his better security, to have it withheld by the owner, he must give notice of his claim before the 19th, or the owner may make payment with perfect assurance that he will not have to pay again on account of the materialman's claim, as the latter well knows. But if he with this knowledge omits to give the notice [the present case], what right then has he to complain that payment was made on the 17th? He is no worse off than he would have been if it had not been made till the 19th. His notice of lien subsequently filed attaches to the last payment due thirty-five days after completion of the building, but according to the intent, no less than the language of the statute, it does not attach to any previous installment not garnished by actual notice before it fell due.

"The decision in *Sweeney* v. *Meyer* resulted, in my opinion, from the assumption that the provisions of the statute as to notice to the owner and invalidity of premature payments are separate and independent. They are, indeed, separate, as every clause of every statute is necessarily separate from other clauses, but that they are independent I cannot admit. They are related parts of one general scheme, designed to be complete and harmonious, operating for the benefit of laborers, mechanics, and materialmen, without injustice to owners of property. Upon each class a duty is imposed, and the performance of this duty is the condition of enjoying the rights conferred. To intercept a payment and secure a lien, notice of the claim must be served before payment is due. To give the amplest opportunity for service of notice, the owner must make no payment until it is due according to the

terms of his recorded contract. If he makes a premature payment he does it at the risk of having to pay twice, but he incurs this liability only in case of a timely notice. If no notice is given there is no lien, and to hold the payment valid harms no one.''

Any other construction than that given by the chief justice would make the statute in question a highly penal statute. Courts are very averse to giving statutes a construction which will result in the imposition of a penalty not justly deserved. The construction given will afford a reasonable remedy to all prospective lien claimants who desire to reach the fund in the hands of the owner, and at the same time will protect the owner from being subjected to a second payment of the same installment. I am of the opinion that *Sweeney* v. *Meyer* should be overruled, and that the provision of section 1184 of the Code of Civil Procedure with respect to premature payments should be held to be applicable only in cases where the lien claimant has given a notice to the owner to withhold the money due from the contractor, and such notice has been served prior to the time when the payment is made, or to cases where the lien is filed in the recorder's office before the premature payment has been made.

Beatty, C. J., concurred.

ANGELLOTTI, J.—While I have already concurred in the majority opinion, it is proper to add, in view of what is said in the concurring opinion, that, as stated by me in my dissenting opinion upon the former consideration of this case, I entirely concur in the views of the Chief Justice as to the construction which should have been placed on that portion of section 1184 of the Code of Civil Procedure relative to the effect of a premature payment, and in what is said in the concurring opinion in regard thereto, and am of the opinion that *Sweeney* v. *Meyer*, 124 Cal. 512, should be overruled.