[Civ. No. 954.    First Appellate District.—April 8, 1912.]

OLSON-MAHONEY LUMBER CO., a Corporation, Appellant, v. WILLIAM MAXWELL et al., Defendants; McDONOUGH BROS., Respondents.

MECHANICS' LIENS—ABANDONMENT OF CONTRACT—PREMATURE PAYMENT BY OWNER TO CONTRACTOR.—Where a contract has been abandoned by the contractor, the owner is not entitled to any credit on account of a premature payment made by him to the contractor not earned, as against existing lien claimants, notwithstanding no notice to withhold was served upon the owner. The only deductions permissible from the ascertained value of the labor done and material furnished, where the contractor abandons the contract before completion, are for payments then due and actually paid, and none are permissible for sums then due and not actually paid, or for sums actually paid but not then due.

ID.—ERRONEOUS ORDER GRANTING NEW TRIAL TO OWNER OF BUILDING.— It is held that the record upon appeal by a lien claimant from an order granting a new trial to the owner of the building does not show the existence of a single valid ground upon which such order, general in its terms, can be supported.

ID.—OBJECTION TO LEADING QUESTION TO WITNESS FOR PLAINTIFF—DISCRETION NOT ABUSED.—Where the yard foreman of the plaintiff had testified fully as to the delivery of plaintiff's lumber at the place where the building was being erected, objection overruled to a leading question asked of the witness was not prejudicial, where the answer thereto would be merely cumulative of that already given.

Ordinarily, objections to leading questions should be sustained, but it is the established rule in this state that the allowance of such questions rests largely in the discretion of the trial court; and that a new trial will not be ordered merely because leading questions were permitted over objection, unless it plainly appears that the trial court abused its discretion. It is held that it was not here abused.

ID.—RULINGS UPON EVIDENCE NOT ERRONEOUS.—Rulings upon evidence are not erroneous where the witness under examination was unable to answer a question objected to, and there is confusion in the record as to whether another question was ever answered; but assuming that it was answered, since the question called for relevant, material and competent testimony, the objection thereto was properly overruled.

ID.—ABSENCE OF ERROR IN DENYING MOTION FOR NONSUIT.—It is held that there was no error in denying defendant's motion for a nonsuit, both for the reason that no grounds were stated for the motion, and that the plaintiff had introduced sufficient evidence to make a *prima facie* case.

ID.—SUPPORT OF FINDINGS AS TO PLAINTIFF'S LIEN.—There is no ground on which the evidence can be deemed insufficient to sustain the findings in favor of the plaintiff's lien as against a premature payment made by the builder to the contractor after the abandonment of the contract, under the provisions of section 1200 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Henry A. Jacobs, James M. Oliver, and C. W. Lynch, for Appellant.

T. J. Crowley, for McDonough Bros., Respondents.

LENNON, P. J.—This action was instituted to foreclose a mechanic's lien for a balance due plaintiff for lumber delivered to the defendant, Union Construction Company, to be used, and which was actually used, in the construction of a certain building which was erected upon a lot of land in the city and county of San Francisco belonging to the defendant Henrietta Steinegger. The defendants, Peter B. McDonough and Thomas McDonough, were copartners, doing business

under the firm name of McDonough Bros. They were the lessees of the land, and the contract for the erection of the building was between them and the defendant, Union Construction Company. Judgment was rendered and entered foreclosing plaintiff's lien in the sum of $1,418.61 upon the interest of the McDonough Bros. in the premises and building in question.

A personal judgment for the same amount was also entered in favor of the plaintiff and against the individual members of the defendant, the Union Construction Company. The defendant, Henrietta Steinegger, the owner of the land, posted a notice prior to the commencement of the work that she would not be responsible for the erection of the building, and as a consequence no judgment was rendered against her.

The trial court, upon motion of the defendants McDonough Bros., granted a new trial as to them. Alleged errors of law occurring during the trial, the insufficiency of the evidence to justify the decision, and that the decision was contrary to the evidence and the law, were the grounds urged for a new trial.

From the order granting a new trial, which was general in its terms, the plaintiff has appealed upon a record composed of the pleadings in the case which were used and referred to upon the hearing of the motion, and a bill of exceptions likewise used upon the hearing of the motion, which purports to contain the proceedings and the evidence had at the trial, and in addition sets out in full the findings of fact, the conclusions of law, and the judgment based thereon which was originally rendered and entered against the defendants McDonough Bros.

It is not disputed that the order granting a new trial must be sustained if it can be justified on any of the grounds which form the basis of the motion for a new trial; but appellant, in support of the appeal, claims that the record does not show the existence of a single valid ground upon which the order granting a new trial can be supported.

This contention, we think, must be sustained.

The first ground of defendants' motion for a new trial involves alleged errors of law occurring during the trial, and in support thereof numerous rulings of the trial court were assigned by the defendants as error in the statement used upon the hearing of the motion. Here, however, but three rulings of the court in the admission of evidence are relied upon by the defendants to justify the order granting a new trial. The

first relates to the testimony of the secretary and yard fore-
man of the plaintiff, who was called and sworn as a witness
for the purpose of showing that the lumber ordered from the
plaintiff had been delivered at the place where the building
was being erected. One question, among many others, asked
this witness was objected to upon the ground that it was lead-
ing and argumentative and called for incompetent evidence.
The question undoubtedly suggested the answer desired, and
the objection might have been properly sustained upon this
ground alone. The question was not argumentative, but in
addition to being leading it was ambiguous. The answer of
the witness, however, was equally ambiguous, and had but
slight, if any, tendency to establish the fact sought to be shown
by the question. Moreover the witness had been previously
fully examined upon the subject of the delivery of the lumber,
and even if he had answered the question as counsel for the
plaintiff desired, his testimony would have been merely cumu-
lative of that already given. Ordinarily, objections to lead-
ing questions should be sustained; but it is the established rule
in this state that the allowance of such questions rests largely
in the discretion of the trial court, and that a new trial will
not be ordered merely because leading questions were per-
mitted over objection, unless it plainly appears that in so doing
the trial court abused its discretion. In the present case we
find no abuse of discretion in permitting the question com-
plained of to be answered. The mere fact that the evidence
sought to be elicited by the question was negative in its nature
did not make it incompetent.

With reference to the two remaining assignments of error in
the rulings of the trial court, it appears that the witness under
examination was unable to answer one of the questions ob-
jected to, and as to the other question there is some confusion
in the record as to whether or not it was ever answered; but
assuming that it was answered, the question called for rele-
vant, material and competent testimony, and the objection,
therefore, was properly overruled.

The trial court did not err in denying defendants' motion
for a nonsuit. No grounds were stated in support of the mo-
tion, and for that reason, if for no other, a nonsuit was prop-
erly denied. The claim of counsel for defendants that he was
not given an opportunity to state the grounds of the motion

cannot be maintained in the face of the record, which shows that counsel "did not take the pains to trespass upon the court's time to state the grounds of the motion."

Aside from this, plaintiff had introduced sufficient evidence to make out at least a *prima facie* case; and it would therefore have been error to have granted a nonsuit.

Upon an examination of the entire record we do not find that the court, in its rulings upon the rejection or admission of evidence, or otherwise, erred to the prejudice of the defendants, and, therefore, the order granting a new trial cannot be justified upon the ground that the record shows errors of law occurring during the trial.

Passing from the alleged errors of law to a consideration of the second ground of the motion for a new trial, viz., that the findings are contrary to and not supported by the evidence, the record shows without conflict the following facts: The contract price was $9,100, payable in four installments, the first, second and third each in the sum of $2,200, and the final in the sum of $2,500. The first installment, $2,200, was paid strictly in accordance with the contract. The second installment, $2,200, was not due when the contract was abandoned. In other words, at the time the contractor abandoned the contract the work had not progressed to the point at which, under the terms of the contract, the second installment was payable. Nevertheless the owner had from time to time made payments to the contractor in such sums that, when the contract was abandoned, the sum of $2,200 had been prematurely paid to the contractor. This made a total of $4,400 paid to the contractor before the abandonment of the contract, of which sum, as above indicated, $2,200 was not yet due when the contract was abandoned. The work under the contract had not advanced to the point when the second installment of $2,200 was payable. No notice under section 1184, Code of Civil Procedure, to withhold the second payment was ever served upon McDonough Bros. by the plaintiff, or by any other person who had supplied labor or materials to the original contractor.

The court found the value of the work done and materials furnished at the time of the abandonment of the contract by the contractor, including the materials then actually delivered and on the ground, estimated as near as may be by the standard of the whole contract price, to be the sum of $3,640.

The court also found that there had been paid to the original contractor pursuant to and under the terms of the contract the sum of $2,200, and no more.

As a corollary of the two foregoing findings the court found that there remained in the hands of the respondents the sum of $1,440 unpaid under the terms of the contract, and held the same to be applicable to the payment of appellant's lien.

In other words, the court refused to give to the owner any credit against the ascertained value ($3,640) of the labor done and materials furnished up to the time of the abandonment of the contract, for the sum of $2,200 confessedly prematurely paid and not yet due or earned at the time of the abandonment of the contract.

It is contended by the respondents that in so doing the court erred; that, as no notice had been served on the owner to withhold any payment, such owner upon the abandonment of the contract was entitled to credit for any payment in fact made, whether due or not, at the time of the abandonment.

It is upon this theory that respondents mainly rely to justify the action of the court in granting a new trial. The order granting the new trial cannot be sustained upon this theory.

When the contractor abandons the contract before completion of the work, the measure of the liability of the owner to laborers and materialmen is fixed by section 1200, Code of Civil Procedure, as it existed when this case was tried. (*Hoffman-Marks Co.* v. *Spires,* 154 Cal. 111, [97 Pac. 152]; *McDonald* v. *Hayes,* 132 Cal. 491, [64 Pac. 850]; *Golden State L. Co.* v. *Sahrbacher,* 105 Cal. 114, [38 Pac. 635].)

In accordance with this section the court found the value of the labor done and the materials furnished, including the materials actually delivered and on the ground, at the time of the abandonment of the contract, estimated as near as may be by the standard of the contract price, to be $3,640. By the terms of the law there should be deducted from this sum "the payments then due and actually paid, according to the terms of the contract and the provisions of section one thousand one hundred and eighty-three and one thousand one hundred and eighty-four, and the remainder shall be deemed the portion of the contract price applicable to such liens."

The only deductions that can be made are for payments then due and actually paid. The sum thus ascertained is

available for the payment of the liens of mechanics and materialmen, and is the only fund so available. (*Hoffman-Marks Co.* v. *Spires,* 154 Cal. 111, [97 Pac. 152].)

In the case at bar the only payment that had become due before the contract was abandoned was the first payment of $2,200, and for this the court gave the owner due credit. Although the amount of the second installment had been paid to the contractor before the abandonment of the contract, it had not become due, and never did become due to the contractor, according to the terms of the contract, or at all. The work not having been performed by the contractor up to the point when the second installment was payable, no part of it ever did become due under the contract.

In the case of an abandonment of the contract the law fixes as the basis of the liability of the owner to workmen and materialmen the value of the labor done and materials furnished estimated according to the standard of the contract price, and from this there can be deducted only such sums as are "then due and actually paid." No deduction can be made for sums then due and not actually paid, and no deduction can be made for sums actually paid but not then due.

We have been cited to the case of *Sweeney* v. *Meyer,* 124 Cal. 512, [57 Pac. 479], and the concurring opinion of Justice Shaw in *Valley Lumber Co.* v. *Struck,* 146 Cal. 272, [80 Pac. 405], as to the effect of want of notice to the owner to withhold payments. We do not think that either case controls the decision of the case at bar. In neither of the cases above mentioned was the court dealing with the case of an abandoned contract. Such a case is, as we have shown, governed by the provisions of section 1200, Code of Civil Procedure. (*Hoffman-Marks Co.* v. *Spires,* 154 Cal. 111, [97 Pac. 152].) Whatever was said in the opinion of Mr. Justice Shaw in *Valley Lumber Co.* v. *Struck,* 146 Cal. 272, [80 Pac. 405], as to the effect of failure to give notice to withhold a progress payment made before it becomes due, has no reference to a payment which, although made never did become due because of abandonment of the contract. Under the law as we understand it, if an owner chooses to make payments to the contractor before they become due, he takes the risk either that he may be served with timely notice to withhold such payments, or that the contractor may abandon the contract before such payments be-

come due—in either of which cases it is clear that the owner can have no credit for such premature payments as against lien claimants.

Inasmuch as the second payment of $2,200 had not become due before the contract was abandoned, the court correctly found that $2,200, and no more, had been paid under the terms of the contract, and that there remained unpaid in the hands of the owner the sum of $1,440.

The order of the court granting a new trial cannot, therefore, be supported upon the insufficiency of the evidence to support the findings attacked. No other finding was proper under the conceded facts and the law as we believe it to be.

This disposes of all the points relied on, as we understand the record, in support of the order granting the new trial. The order is reversed.

Kerrigan, J., and Hall, J., concurred.