[L. A. No. 700.  Department One.—October 5, 1900.]

# F. J. GANAHL, Appellant, v. NANCY A. WEIR et al., Respondents.

MECHANICS' LIENS — PREMATURE PAYMENT TO CONTRACTOR — PLEADING—AMOUNT DUE CONTRACTOR.—In an action to foreclose the lien of a materialman, an averment in the complaint that a specified sum is due from the owner to the contractor which has not been paid, omitting credit of a premature payment made by the owner to the contractor, which, under section 1184 of the Code of Civil Procedure, has no effect as a payment, as against a lienholder, states the ultimate fact, and need not set forth the reason why the amount stated is due and unpaid in order to raise an issue as to the fact of premature payment.

ID.—INAPPLICABLE PROVISION—NOTICE TO OWNER TO STOP PAYMENT.—The provision in section 1184 of the Code of Civil Procedure which allows notice to be served upon the reputed owner to stop further payment to the contractor is inapplicable, and has no effect upon the other provision in that section that, as to liens, a premature payment to the contractor "shall be deemed as if not made, and shall be applicable to such liens, notwithstanding the contractor may thereafter abandon his contract."

ID.—DEFENSE TO FORECLOSURE—LIEN CLAIMED BY SURETY—INDEMNITY TO OWNER—FULL PAYMENT TO CONTRACTOR.—It is a sufficient defense to foreclosure of plaintiff's lien that, as surety on the contractor's bond, he agreed to indemnify the owner against all claims and demands, except the sum agreed to be paid to the contractor, regardless of the validity of the contract, and also consented that the contract might be modified without affecting his obligation, and that the contractor has in fact been fully paid by the owner.

ID.—PREMATURE PAYMENTS EFFECTIVE AS TO SURETY.—The rights of the surety are measured by the terms of his bond; and he cannot claim that premature payments made by the contractor were not effective as to him, so as to permit the enforcement of his claim of lien against the owner, who has fully paid the contractor, and who is indemnified by the bond against any other or further claim.

ID.—CONSENT TO MODIFICATION—CHANGE OF TIME OF PAYMENT.—The express consent in the bond to any modification of the contract, without affecting the obligation of the surety, includes the modification of a change in the time of payment to the contractor, and the surety has no right to complain of the time of any payment made by the owner to the contractor.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Walter Van Dyke, Judge.

The facts are stated in the opinion of the court.

Borden & Carhart, for Appellant.

Hester & Ladd, for Respondents.

GAROUTTE, J.—The plaintiff, a materialman, is seeking a lien upon the property of defendant Nancy A. Weir. The material was furnished to defendant Fellows, a contractor, who erected a building for said Weir. The contract between the owner and contractor was a valid contract, and the contract price was nineteen hundred dollars. Defendant Weir made the two last payments demanded by the terms of the contract before they were due, and plaintiff now insists that for this reason they should be deemed as never having been made, and that the amounts thereof should be applied to the payment of his claim. This contention is based upon section 1184 of the Code of Civil Procedure, which, among other matters, provides: "No payment made prior to the time when the same is due under the terms and conditions of the contract shall be valid for the purpose of defeating, diminishing, or discharging any lien in favor of any person except the contractor, but, as to such liens, such payment shall be deemed as if not made, and shall be applicable to such liens, notwithstanding the contractor to whom it was paid may thereafter abandon his contract, or be or become indebted to the reputed owner in any amount, for damages or otherwise, for nonperformance of his contract or otherwise." Respondents insist that plaintiff's complaint is not sufficient to raise an issue as to the premature character of these payments, but with this contention we do not agree. The allegation is to the effect that there is now due to said contractor from the owner under the aforesaid contract four hundred and seventy-five dollars, and that the same has not been paid. This is the ultimate fact. The reasons why it is now due and has not been paid are not necessary to be stated in the pleading.

We also agree with plaintiff's contention that under the evidence and the law the amount of these premature payments

was unpaid as to him when his claim of lien was filed. The language of the section quoted is plain and explicit. As to liens similar to that of this plaintiff the law declares: "Such payment shall be deemed as if not made, and shall be applicable to such liens notwithstanding that the contractor to whom it was paid may thereafter abandon his contract," etc. Respondents admit the force and effect of this law to a certain extent, but insist that the plaintiff gave no notice to the owner of his claim prior to the date when these payments became due, and hence he has not been injured. This contention is based upon the ground that the payments might have been made after they became due and still plaintiff would have been barred a recovery. The position of respondents is based upon another portion of section 1184, which allows a notice to be served upon the reputed owner by a materialman or other creditor, which has the effect of stopping the payment of further moneys to the contractor. That provision of the law is not applicable here, and in no way weakens or limits the effect to be given the other part of the same section which we have already quoted.

The second defense set up against this cause of action has merit. Appellant was a surety upon the contractor's bond. This bond was given to Nancy A. Weir, the owner of the building, and bound the contractor's sureties, one of whom was this appellant, to "save and keep the said Nancy A. Weir, or her heirs, executors, and administrators, harmless of and from all actions, costs, damages, disbursements, and counsel fees by reason of any claim growing out of said building to be erected as aforesaid, except the sum of nineteen hundred dollars agreed by said Nancy A. Weir to be paid for the construction thereof to Thomas Fellows on the completion thereof." The answer of appellant to this defense now is that the two premature payments should not be considered as part payments of the contract price, and therefore the entire contract price of nineteen hundred dollars has not been paid. This contention is untenable. The bond is measured and tested by its own provisions. It stands alone. The defendant Weir paid the contractor the full contract price as matter of fact. What results follow from a failure of the owner to comply with section 1184 of the Code of Civil Procedure is not material upon matters pertaining to the

bond. Premature payments amount to nothing in certain cases of lien claimants, but under all other circumstances they are payments in every sense of the word. And we are satisfied that Nancy A. Weir, as far as the bond is concerned, has fully paid to the said Fellows, or to his order, the full contract price of nineteen hundred dollars.

To make the foregoing conclusion absolutely certain we find the language of the bond to be: "It being expressly agreed that this bond is not attached to or made dependent upon the validity of said contract, but is a bond of indemnity, we hereby consenting that said owner and said contractor may alter, enlarge, or in any manner change such original contract without in any way affecting this obligation, but the same is to remain in full force and effect, the same as if no change or changes had been made." Here is a direct stipulation that the bond is independent of any question as to the validity of the building contract, and a further stipulation that its terms may be changed by the contracting parties without affecting its validity. If such a holding were necessary to support respondents' case it might well be said that the contract between the parties was modified by a change in the time of the payment of the contract price. This, the sureties expressly agreed might be done, and certainly they have no cause to complain if it was done.

For the foregoing reasons the judgment and order are affirmed.

Temple, J., and Harrison, J., concurred.