[Civ. No. 453.  Second Appellate District.—January 23, 1908.]

## LOS ANGELES PRESSED BRICK COMPANY, Respondent, v. LOS ANGELES PACIFIC BOULEVARD AND DEVELOPMENT COMPANY et al., Appellants.

MECHANICS' LIENS—NOTICE TO OWNER BY EMPLOYEE OF SUBCONTRACTOR—PAYMENT BY CONTRACTOR TO SUBCONTRACTOR.—A materialman employed by a subcontractor may serve a notice on the owner of the property of his claim for reimbursement for the materials furnished to the subcontractor and used in the building, and his equitable garnishment, and the enforcement of his lien cannot be affected by a full payment made by the contractor to the subcontractor.

ID.—ENFORCEMENT OF LIENS—EQUITABLE PRINCIPLES.—In enforcing liens, equity will render judgment in favor of each claimant according to the amount he is entitled to receive. The property being liable only for the value of the work done, if there be not sufficient funds to pay the subcontractor and his employees, the latter will be first paid, and the loss, if any, must be borne by the subcontractor. The same principle will be employed as between the contractor and the materialmen, whether employed by him or by a subcontractor.

ID.—FORECLOSURE OF LIEN—ATTORNEYS' FEES NOT ALLOWED.—No attorneys' fees can be allowed upon the foreclosure of a mechanic's lien.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. J. S. Noyes, Judge presiding.

The facts are stated in the opinion of the court.

Charles L. Batcheller, Thomas C. Ridgway, and Barstow & Variel, for Appellants.

Munson & Barclay, for Respondent.

TAGGART, J.—An action to foreclose a mechanic's lien. Judgment for plaintiff. Appeals were taken from the judgment and an order denying a new trial.

The defendant Los Angeles Pacific Boulevard and Development Company is the owner of a brick building erected by defendants Brown & Alcorn as contractors, defendant William Leonard being a subcontractor for the brickwork. Plaintiff furnished brick for the construction of the building upon the order of Leonard, and in due time served notice of doing so upon the owner in accordance with the provisions of section 1184 of the Code of Civil Procedure. At the time such notice was given there remained in the hands of the owner more than enough of the contract price, still unpaid to the contractors, to satisfy plaintiff's claim in full. The contractors, who were not notified of plaintiff's claim, had paid Leonard, their subcontractor, all that was due him before plaintiff notified the owner.

All parties to the appeal agree that but one question of law is involved in the appeal. Appellants state this as follows: "Under the mechanics' lien law must the contractor 'take care of' the claims of materialmen or employees of the subcontractor under such contractor?" Respondent states it in this wise: "Whether under the mechanics' lien law the contractor's payment to his subcontractor in full, without notice of the materialman's claim, prevents the materialman from collecting his claim from the owner, the owner having had due notice, and having in hand at the time of notice the means to pay the materialman in full." (The term "means" being evidently used in the sense of having on hand enough of the unpaid contract price.)

The right of a materialman to a lien upon the property for which he has furnished the material is of constitutional creation (*Hampton* v. *Christensen,* 148 Cal. 737, [84 Pac. 200]), and is based upon the theory that he has an equitable right to payment for it from the owner of the building into which it has gone. (*Humboldt etc. Co.* v. *Crisp,* 146 Cal. 686, [106 Am. St. Rep. 75, 81 Pac. 30].) The mechanic's lien law is but the legislative provision for making the right effective. The right to a lien against the property or on the unpaid portion of the contract price does not depend upon the material being ordered by the contractor. The right to the lien is dependent only upon the furnishing of the material and its being used in the construction of the building, "whether . . . furnished at the instance of the owner of the building . . . or his agent; and every contractor, subcon-

tractor . . . or other person having charge . . . of any building . . . shall be held to be the agent of the owner, for purposes of this chapter." (Code Civ. Proc., sec. 1183.)

The notice which constitutes an equitable garnishment of the funds in the hands of the owner is not required to be served on the contractor, and he is the only one of the persons named in section 1183 who cannot avail himself of the provisions of section 1184. The notice is required to be given only to the reputed owner, although the materials may have been furnished to the contractor or other person acting by authority of the reputed owner.

There is nothing in the spirit or the letter of the law which indicates that the laborer's or materialman's lien can be affected by the obligations which exist between the contractor and the subcontractor. Upon the notice being given as provided by section 1184, it shall be the duty of the reputed owner, or the person representing him in making the payments to the contractor, to withhold from the contractor "sufficient money due or that may become due to such contractor, or other person, to answer such claim," etc.

There is no uncertainty in the law in regard to the right of the owner to withhold the money to pay bills for material furnished at the request of the subcontractor. Appellants contend that the construction given the law by the trial court would work a hardship upon the innocent contractor, who has obeyed the law, merely because he has prematurely paid the subcontractor. This would be no greater than that which falls upon the owner who has made a premature payment to the contractor. It is always in the power of the contractor to protect himself by a contract with his subcontractor, but if the contention of appellants were sustained the laborer and materialman might be deprived of their compensation by the act of the contractor and be helpless to protect themselves or to enforce the lien given to them by the constitution.

Appellants' argument appears to be summed up in this paragraph: "No provision of the lien law seems to authorize him (the contractor) to withhold the contract price, or any part of it, from his subcontractor, and yet it is claimed that in effect he must do so, or else pay the subcontractor over again by paying his unpaid bills."

The answer to this is that since the law does not author-
ize him to do so, it would appear to be a good business prop-
osition for him to protect himself from a loss in this manner
by exacting of the subcontractor a contract which would re-
quire him to show that his labor and material bills were paid
before the money was paid to him, or provide that the con-
tractor might see that the sums paid to the subcontractor
were applied to the payment of such bills. There are some
matters relating to buildings which are not yet covered by
the lien law, and within this sphere any of the parties to
the construction of houses and other improvements upon real
estate may still exercise their contractual rights.

There is nothing in the opinion in *Macomber* v. *Bigelow*,
126 Cal. 15, [58 Pac. 312], which makes for the contention
of appellants. So far as applicable here, the decision in that
case merely holds that subcontractors and their employees
alike are entitled to a lien upon the property for labor per-
formed. That since the subcontractor is personally liable
to his laborers he may include the amount of their claims in
his. This, however, does not preclude them from protecting
themselves by filing a lien covering the same claims. In en-
forcing these liens a court of equity will render judgment
in favor of each according to the amount he is entitled to re-
ceive. The property being liable only for the value of the
work done, if there be not sufficient funds to pay the sub-
contractor and his employees, the latter will be first paid,
and the loss, if any, must be borne by the subcontractor. The
same principle will be applied as between the contractor and
the materialman and laborer, whether the latter be employed
by the contractor directly or by the subcontractor.

The principle upon which the decision in *Dore* v. *Sellers,*
27 Cal. 588, 594, rests can have no application to the present
mechanics' lien law. Of the lien of employees there under
consideration it is said (p. 594): "They (employees and
materialmen) have this right, not for the reason that the
employer's property has been benefited by the labor or ma-
terial furnished by the employees, but because they have
furnished the labor or materials for the contractor, to whom
the law has granted a lien, for the amount which became
due to him under the contract, in consequence of their labor
and materials. It therefore follows that the employees can-
not acquire a lien upon the house independent of the orig-

inal contract, and *they are not entitled to a lien as principals,* though entitled to be first paid out of the moneys becoming due under the contract.'' It is evident from this that the decision in *Dore* v. *Sellers* was based upon an entirely different theory as to mechanics' liens from that which now obtains in this state.

The right of a materialman to a lien for the value of his goods for which he has not been paid is not affected by the failure of the contractor to protect himself from the misappropriation of funds by his agent, the subcontractor. As said in *Humboldt etc. Co.* v. *Crisp,* 146 Cal. 686, [106 Am. St. Rep. 75, 81 Pac. 30], it is an equitable right which he has to have the owner of a building pay for the materials of which the latter has had the benefit by their becoming a component part of his building.

While counsel for both parties have stated there is but one point involved in the case, appellants incidentally call to our attention the fact that an attorney's fee was allowed to plaintiff. The record discloses that the sum of $100 for that purpose was included in the judgment. This allowance was error. (*Union Lumber Co.* v. *Simon,* 150 Cal. 751, [89 Pac. 1077, 1081].)

The judgment is modified by striking therefrom the allowance for attorney's fees, and as so modified it is affirmed. The order denying the motion for a new trial is also affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 23, 1908.