[Civ. No. 833. Third Appellate District.—May 12, 1911.]

In the Matter of Submission of Controversy Between E. L. SNELL, Respondent, and CLARK CONSTRUCTION COMPANY, a Corporation, Appellant.

MECHANIC'S LIEN—MATERIALMAN FURNISHING MATERIALS TO SUB-CONTRACTOR—INNOCENT PAYMENT BY CONTRACTOR—NOTICE TO OWNER—LOSS OF CONTRACTOR.—The owner of a building is chargeable with the lien of a materialman furnishing materials to a subcontractor, where he had not fully paid the contractor, and had notice of the materialman's lien. In such case the loss must fall upon the contractor, though he innocently paid the subcontractor in full without notice of the materialman's lien.

ID.—SUBMISSION OF CONTROVERSY BETWEEN LIEN CLAIMANT AND CONTRACTOR—PAYMENT INTO COURT.—Where the owner paid the amount of the lien claimed by the materialman into court, and there was a submission of controversy between the lien claimant and the contractor concerning the money, the court properly awarded the amount to the materialman and not to the contractor.

ID.—MODE OF PROTECTION BY CONTRACTOR.—The contractor, in such a case, can protect himself against loss by exacting of the subcontractor a contract which would require him to show that his labor and material bills were paid before the money is paid to the subcontractor, or provide that the contractor might see that

the sums paid to the subcontractor were applied to the payment of such bills.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

Frohman & Jacobs, for Appellant.

J. J. Webb, for Respondent.

BURNETT, J.—The controversy was submitted to the superior court on a statement of agreed facts, except as to one matter, concerning which, on conflicting evidence, the court found against appellant. Daisy Hamburger, as owner, caused a residence to be erected by the Clark Construction Company, as contractor, on a lot in San Francisco. No question was raised as to the validity of this contract. The said contractor sublet the plastering and lathing to Ira M. McKenzie on an agreement that the latter should furnish all the material and perform all the labor required for the sum of $1,300. McKenzie completed the plastering and he was paid therefor in full by the Clark Construction Company. The said E. L. Snell furnished to said McKenzie, for use on said building, and which were actually used in its construction, plasterer's supplies amounting to $202.50. Not having been paid, a claim of lien therefor was duly filed and recorded in the office of the county recorder. The said Daisy Hamburger fully paid to said Clark Construction Company all moneys due on their contract when the same became due, excepting only that she withheld from said company a sufficient amount to satisfy the lien of said Snell, and said amount was deposited in court under stipulation to abide the judgment in the matter under submission, it being agreed that "if on the ultimate decision of this controversy said amount is awarded to said Snell, said Clark Construction Company will have to lose the amount so awarded, and the question to be decided is whether, under the circumstances, said Clark Construction Company should bear said loss or said Snell should lose the benefit of his lien aforesaid."

Counsel use a little different form of expression to state the proposition, but the question involved may be put in the language of respondent: "Is a lien by a materialman who furnishes materials to a subcontractor chargeable to the owner of the building in which said materials were used, where the owner has not fully paid the contractor and has notice of the materialman's lien, although the contractor has fully paid his subcontractor pursuant to the agreement, made and entered into by and between said contractor and subcontractor without notice of the claims of the materialman?"

We are treated to an interesting and learned discussion of the subject by both parties, but it is conceded that the question has been decided by the second district court of appeal in the case of *Los Angeles Pressed Brick Co.* v. *Los Angeles Pacific Boulevard & Development Co.*, 7 Cal. App. 460, [94 Pac. 775], in which cause a rehearing was denied by the supreme court. Therein it is directly held that, notwithstanding the payment by the contractor to his subcontractor, in accordance with the terms of their agreement, yet the materialman was entitled to payment for materials furnished, since the owner had funds in his possession due the contractor. We agree with the conclusion reached in said decision, and the case, as we understand the situation, has not been overruled. The evils suggested by appellant as likely to ensue from this view of the law are more imaginary than real. In most cases the contractor will know whether he can safely trust the subcontractor. At any rate, he can easily protect himself from a loss in this manner, as declared in the aforesaid decision, "by exacting of the subcontractor a contract which would require him to show that his labor and material bills were paid before the money was paid to him, or provide that the contractor might see that the sums paid to the subcontractor were applied to the payment of such bills."

Appellant complains that the aforesaid decision "touches only the surface of the problem, and that it is not a well considered case," but we understand this to be not altogether an uncommon complaint on the part of dissatisfied attorneys; and be it also said to their credit that when the decision is favorable they are just as likely to pronounce it faultless and to exclaim, "Most rightful judge! Most learned judge!"

We do not agree with appellant, and in addition, it would seem that the question should be deemed *stare decisis.*

The judgment is affirmed.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 11, 1911.