[Civ. No. 1063.  Third Appellate District.—April 26, 1913.]

## UNITED MATERIALS COMPANY, Respondent, v. J. F. LOUGHERY et al., Appellants.

MECHANICS' LIENS—MATERIALS FURNISHED SUBCONTRACTOR—FORE-CLOSURE—PLEADING.—It is not necessary, in an action to enforce a mechanic's lien for material furnished to a subcontractor in the construction of a building, to allege that anything is owing from the owner to the contractor or from the contractor to the sub-contractor.

ID.—OBLIGATIONS EXISTING BETWEEN CONTRACTOR AND SUBCONTRACTOR. A laborer's or mechanic's lien is not affected by obligations which exist between the contractor and the subcontractor.

ID.—EVIDENCE OF IMPLIED CONTRACT TO PAY FOR MATERIALS.—In this action to foreclose a mechanic's lien the evidence is sufficient to show that a subcontractor ordered materials from the plaintiff, that they were delivered as ordered, and that their reasonable value was $55.80, and that thereby an implied contract arose, and was pleaded, that the buyer should pay their reasonable market value on demand.

ID.—VERIFICATION OF CLAIM FOR LIEN.—It is not necessary that the verification of a claim for a mechanic's lien should state that the amount specified therein is due over and above all just credits and offsets.

ID.—SUBCONTRACTOR OR MATERIALMAN—EVIDENCE.—In this action to foreclose a mechanic's lien the evidence establishes that the person to whom the materials were furnished was a subcontractor and not a materialman, and hence that the plaintiff was entitled to file a lien as a materialman.

ID.—CONFLICTING EVIDENCE ON FORECLOSURE—APPEAL.—Where the evidence in an action to foreclose a mechanic's lien is conflicting, the appellate court is not permitted to depart from the findings.

APPEAL from a judgment of the Superior Court of Alameda County.    T. W. Harris, Judge.

The facts are stated in the opinion of the court.

W. B. Rinehart, for Appellants.

Wm. O. Minor, for Respondent.

CHIPMAN, P. J.—Action to enforce a materialman's lien upon the buildings and land of defendant Wilder and for a deficiency judgment against the defendant Standberry.

It is alleged in the complaint that defendant Wilder is the owner of the premises described therein; that, on October 3, 1908, defendant Loughery entered into a contract with said Wilder to erect on said real estate two one-story cottages for which said Wilder agreed to pay said Loughery the sum of four thousand two hundred and fifty dollars; that said Loughery entered into a contract with defendant Standberry to furnish all the material and labor for plastering and brick work on said buildings and agreed to pay said Standberry therefor the sum of one hundred and twenty dollars and said Standberry agreed to furnish all said materials and do all the brick work and plastering on said buildings; that said contractors and each of them, pursuant to said contracts, erected said buildings and the same were completed on March 5, 1909, at which time said Wilder was owing said contractors $1,062.50; that, in the month of November, 1908, "plaintiff sold and delivered to said Standberry to be used in the erection of said buildings the following described material" (describing it) which "said material was used in the construction of said buildings. That by the terms of the agreement between plaintiff and said Standberry said material was to be paid for in cash on delivery and for each of said articles the sum above set forth amounting in the aggregate to the sum of $55.80. That said material is now and was at the time of the delivery thereof reasonably worth said sum." It is further alleged "that on April 2, 1909, plaintiff for the pur-

pose of securing and perfecting a lien for the moneys due him as aforesaid, upon the buildings and land above described, filed for record . . . its claim thereof, duly verified by its secretary, which is hereto attached marked exhibit 'A' and made a part of this complaint," and which said claim was on the same day duly recorded.

The notice of lien states that plaintiff, "at the times hereinafter mentioned furnished and supplied materials to be used and which were actually used in the construction of those certain buildings now upon that certain lot . . . sought to be charged with this lien" (describing the lots as in the complaint). "That Horace E. Wilder is the name of the owner, and reputed owner of said premises and caused two buildings to be constructed on said premises. That one of said buildings was erected on said lot eighty-three and one on said lot eighty-four. That J. F. Loughery is the name of the contractor who on the 3rd day of October, 1908, entered into a contract with said owner for the erection of said buildings. That T. A. Standberry is the name of the person to whom said United Material Co. furnished materials as aforesaid. That said Standberry contracted with said United Materials Co. to furnish him with the following described materials to be used and which were all used in the construction of said buildings, to wit": (describing the materials and the price as mentioned in the complaint). Delivery of said materials is alleged and that by agreement between plaintiff and defendant Standberry, "the same was to be paid for in cash on delivery and for each of said articles the amount above set forth amounting in the aggregate to the sum of fifty-five dollars and eighty cents. That the amount of the contract price for said materials furnished as aforesaid is said sum of $55.80, and said sum is now and at the time it was delivered was the reasonable value thereof. That the same was furnished at the special instance and request of said Standberry. That nothing has been paid on said contract price or on account of said materials and the sum of $55.80 is still due and owing thereon and therefor to said United Materials Co. That both of said buildings are now completed, but as much time as thirty days has not passed since the completion of either one of them. Wherefore," etc. (Signed) "United Materials Co.

By W. S. Hoyt, Secretary.'' Verified also by Hoyt as secretary.

A general demurrer to the complaint was overruled and defendants Loughery and Wilder answered. Defendant Standberry made default. The answer does not deny the original contract or that it was for the sum of four thousand two hundred and fifty dollars. Its recordation is admitted. The answer also admits the filing of the lien in time but otherwise denies the averments of the complaint.

The court made findings of fact: That defendant Wilder was and is the owner of the premises as alleged in the complaint; that he entered into the contract with defendant Loughery to erect said cottages as alleged for the price alleged; that Loughery entered into a contract with defendant Standberry to furnish ''all the material and labor for the brick work on said building and agreed to pay said Standberry the sum of $150.00 and the said Standberry agreed for said sum'' to furnish said materials and do said work for said sum; that said contractor erected said buildings and the same were completed on March 5, 1909, ''at which time said Wilder was owing said contractor $1062.50''; that, in November, 1908, plaintiff sold and delivered to said Standberry to be used and which was used in said buildings, certain material, describing it as in the complaint; that by the terms of the agreement between plaintiff and said Standberry, ''said materials were to be paid for on delivery and for each of said articles the sums above set forth, amounting in the aggregate to the sum of $55.80. That said material is now, and was at the time of the delivery thereof, reasonably worth said sum,'' no part of which has been paid; that plaintiff filed its claim of lien as set forth in the complaint and paid $1.95 for verifying and recording the same; that said claim of lien ''contained a correct statement of plaintiff's said demand, after deducting all just credits and offsets and all other matters required by law,'' to entitle plaintiff to a lien; that said Standberry ''agreed to perform said contract work in a workmanlike manner and the same was so performed by him and said work was completed by him and never abandoned. That said Standberry was not fully paid, prior to the filing of said claim of lien'' . . . and at said time ''there was owing and unpaid

from said defendant Loughery to said defendant Standberry, the sum of $63.00."

As conclusions of law the court found that plaintiff is entitled to judgment against said Standberry for the sum of $57.75 and "is entitled to a lien on said premises and to have them sold for the payment of said lien." Judgment was entered accordingly from which defendants Loughery and Wilder appeal.

1. In support of the demurrer appellants contend that the complaint fails to state that there was anything due from Wilder, the owner, to Loughery, the original contractor, or from Loughery to Standberry, the subcontractor. The complaint alleges that there was due from the owner to the contractors $1,062.50. This is twenty-five per cent of the contract price which the statute (Code Civ. Proc., sec. 1184) made payable thirty-five days after the completion of the contract and this final payment must be withheld and would be available to meet claims provided for by the statute, even though the owner had paid the contractor. (*Sweeney* v. *Meyer*, 124 Cal. 512, [57 Pac. 479]; *Ganahl* v. *Weir*, 130 Cal. 237, [62 Pac. 512].) It was not necessary for plaintiff to allege that anything was owing to the plaintiff by the owner. Under the lien law the twenty-five per cent of the final payment is withheld as money belonging to materialmen should there be any unpaid. The materialman has no knowledge of the contract between the original contractor and the subcontractor whose contract is not required to be recorded (*Reed* v. *Norton*, 90 Cal. 590, [26 Pac. 767, 27 Pac. 426]), and his security is the right given him to file a lien within thirty days and, as respondent well observes, "he is not required to allege something of which in the nature of things he can know nothing."

2. The point that there is not sufficient in the lien to show its identity with the claim sued upon is without merit.

3. An agreement between plaintiff and Standberry as to the price for the materials and time of payment is found by the court and is attacked as without support in the evidence. It appeared that Standberry ordered the materials from plaintiff to be sent to the buildings; that the reasonable then market value was $55.80. The materials were delivered as ordered and an implied contract arose and was pleaded that

the buyer would pay their reasonable market value on demand. Where the price fixed corresponds with the market price, no injury can result to the owner. (*Lucas* v. *Rea,* 10 Cal. App. 641, [102 Pac. 822] ; *Barrett-Hicks Co.* v. *Glas, Jr.,* 9 Cal. App. 491, [99 Pac. 856]; *Los Angeles Pressed Brick Co.* v. *Los Angeles etc. Co.,* 7 Cal. App. 460, [94 Pac. 775].)

4. It is contended that the verification of the claim of lien is insufficient because it does not state that the amount is due above all just credits and offsets. Section 1187 of the Code of Civil Procedure requires that the claimant "must file . . . a claim containing a statement of his demand, after deducting all just credits and offsets, . . . which claim must be verified by the oath of himself or of some other person. . . ." The statute does not require the affidavit or verification to contain such statement. Nor, in our opinion, is it necessary that such statement should appear in the body of the notice of claim. This question arose and was so held, under a similar statute, in *Whittier, Fuller Co.* v. *Blakeley,* 13 Or. 546, 558, [11 Pac. 305, 309], opinion by Thayer, J., from which we quote: "I do not think the statute necessarily requires that those words should be inserted in the notice. It says that a notice shall be given of the *amount* of the claim over and above all payments or offsets. And I would suppose that if the claimant had done so in fact, it would answer the requirement. Section 7 of the act (corresponding with our section 1202 of the Code of Civil Procedure) as has been shown, makes the presentment of a false claim in such a case, or the willful omission to allow all credits which may be justly allowable, a ground of forfeiture of the lien. The fact whether a claim is false or true must be ascertained by proof. The claimant's saying it was true does not make it so, nor, in this case, would it make the matter more certain. The appellants say by the notice that the contractor had purchased of them material to the value of $428.78 and that said amount was due and unpaid. What stronger assurance could they have given him of the amount of their claim than this, aside from actual proof? . . . Again, the amount of the claim as stated in the notice was the amount as established by the proof. It was the true amount 'over and above all payments or offsets.' It was not a false claim. Then why in reason and justice should the appellants forfeit their lien?

The proposition, to my mind, is highly absurd.'' *Held,* also, in *Kezartee* v. *Marks & Co.,* 15 Or. 529, [16 Pac. 407], that it is not necessary that such claim should on its face state the amount specified therein is due over and above all just credits and offsets, following the case above cited. The requirement of the statute as to such claims is not the same as in cases of claims against estates. There the statute requires that the affidavit of the claimant must state that the ''amount is justly due, that no payments have been made hereon which are not credited, and that there are no offsets to the same, to the knowledge of affiant.'' We think the question was rightly decided by the Oregon supreme court.

5. Standberry was a subcontractor, as we think clearly appears from the evidence, and not a materialman. Hence plaintiff was entitled to file a lien as a materialman.

6. In their answer defendants alleged that Standberry did not comply with his contract and there was nothing due him. The evidence on the point is conflicting and we are not permitted to depart from the findings in such case. It may be here repeated that it was not necessary to allege or prove any indebtedness from the owner, Wilder, to Loughery or to Standberry. It was said in *Los Angeles Pressed Brick Co.* v. *Los Angeles etc. Co.,* 7 Cal. App. 460, [94 Pac. 775]: ''There is nothing in the spirit or the letter of the law which indicates that the laborer's or materialman's lien can be affected by the obligations which exist between the contractor and the subcontractor.'' See, also, *Hampton* v. *Christensen,* 148 Cal. 729, 737, [84 Pac. 200], where the question is searchingly discussed.

We are unable to discover any prejudicial error in the record. The judgment is, therefore, affirmed.

Hart, J., and Burnett, J., concurred.